## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER BELL** | * | |
| | * | |
| **Plaintiff,** | * | **CIVIL ACTION FILE NO.** |
| | * | |
| **v.** | * | |
| | * | |
| **THE CITY OF ROSWELL,** | * | |
| **GEORGIA, and JEREMY** | * | |
| **WAYNE STANLEY, in his** | * | |
| **Individual and Official Capacity,** | * | |
| | * | |
| **Defendants.** | * | |

## COMPLAINT

**COMES NOW**, Christopher Bell, the Plaintiff, and files this Complaint against

the Defendants, showing the Court as follows:

## INTRODUCTION

1.

This is a 42 U.S.C. § 1983 action in violation of the Fourteenth Amendment

of the United State Constitution.

## JURISDICTION AND VENUE

2.

This action is brought pursuant to 42 U.S.C. §§1983 and 1988, as well as the

1

Fourteenth amendment of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343, and the aforementioned constitutional and statutory provisions. Plaintiff further invokes the pendent or supplemental jurisdiction of this Court to decide claims arising under state law pursuant to 28 U.S.C. §1367.

## JURY TRIAL DEMAND

3.

Plaintiff demands a trial by jury on each of the causes of action pleaded herein.

## VENUE

4.

Venue is proper in this Court pursuant to 28 U.S.C. §1391 and other applicable law because the cause of action arose in the City of Roswell, Fulton County, Georgia, which is situated within the district and divisional boundaries of the Atlanta Division of the Northern District of Georgia, and because one or more of the Defendants is domiciled within said District and Division.

5.

All of the parties herein are subject to the jurisdiction of this Court.

## PARTIES

2

6.

Plaintiff Christopher Bell (hereinafter "Plaintiff") is a citizen of the United States and a resident of the State of Georgia, who has the capacity to bring this action.

7.

Defendant Officer Jeremy Wayne Stanley (hereinafter "Defendant or Officer Stanley") is an individual who was, at all times relevant herein including at the time of the incident, a police officer employed by Roswell Police Department, Georgia, a governmental department under the City of Roswell, Georgia, who acted within the scope of his employment and pursuant to the policies and procedures of the Roswell Police Department and the City of Roswell, Georgia as established by its Police Chief, who may be served by mail pursuant to F.R.C.P. 4(e), and who is subject to the jurisdiction of this Court.

8.

Defendant City of Roswell ("Defendant City of Roswell") is a duly organized and existing city under the laws of the State of Georgia which has the capacity to sue and be sued, which may be served through the Mayor of the City of Roswell, Georgia, Mary Robichaux, 38 Hill Street, Roswell, Georgia 30075, and which is subject to the jurisdiction of this Court.

9.

At all times relevant herein, the above-named Defendant Stanley acted under the color of state law and on behalf of the Roswell Police Department, Georgia, and City of Roswell, Georgia.

10.

Defendants have waived any defense of sovereign immunity by the purchase of liability insurance or otherwise.

11.

At all times relevant herein, the above-named Defendants acted under the color of state law and on behalf of the Roswell Police Department, Georgia, and City of Roswell, Georgia.

**FACTUAL ALLEGATIONS**

12.

On January 8, 2025, approximately 5:12 p.m., Officer Stanley was employed with the Roswell Police Department as a police officer.

13.

On that date and approximate time, Officer Stanley was parked across from the Regal Nissan Dealership located at 1090 Holcomb Bridge Road, Roswell, Fulton County, Georgia 30076.

14.

On that date and approximate time, the Plaintiff drove into the Regal Nissan Dealership. The Plaintiff exited his vehicle and was on his phone.

15.

Shortly after, Officer Stanley drove into the Regal Nissan Dealership following the Plaintiff.

16.

On that date and approximate time, Officer Stanley parked his official police vehicle behind the Plaintiff, and immediately pointed a weapon at the Plaintiff and ordered him out of his vehicle without probable cause.

17.

On that date and approximate time, the Plaintiff exited his vehicle with his hands up and kept asking Officer Stanley not to shoot him.

18.

Officer Stanley then dislodged his taser gun which jammed and did not go off. Officer Stanley and the Plaintiff got into a scuffle.

19.

Officer Stanley then took out his weapon and fired at least nine (9) shots to the Plaintiff hitting the Plaintiff in his arms, chest, buttock, and back.

20.

The Plaintiff did not have any weapons on his persons or in his vehicle.

21.

The Plaintiff suffered significant physical damage and is paralyzed from his neck down due to the injuries sustained from the gun shots by Officer Stanley.

22.

Officer Stanley resigned from the Roswell Police Department as a result of this incident.

23.

The Plaintiff was never charged with any criminal acts.

24.

The Plaintiff suffered significant emotional distress over having lost his faith in law enforcement officers and worrying about the extent to which this life-altering experience would affect them financially and professionally.

## **COUNT ONE-VIOLATIONS OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNTIED STATES**

25.

Paragraphs 1 thru 24 are hereby incorporated herein by reference.

26.

The use of excess force by Officer Stanley was unreasonable, the use of far greater force than legally justified, and was in violation of the standards promulgated by the Roswell Police Department.

27.

Officer Stanley violated the Plaintiff's civil rights by assaulting the Plaintiff and firing multiple shots to the front and the back of the Plaintiff, utilizing force far in excess of the amount necessary or legally justified. The use of excessive force by said Defendants began without probable cause, far before any seizure or arrest of the Plaintiff.

28.

As a result of the foregoing incident, Plaintiff had to undergo multiple surgeries and is now paralyzed from neck down. Plaintiff incurred substantial medical bills. Plaintiff has also endured emotional injuries causing the Plaintiff pain and suffering.

29.

The conduct and action of Defendant Stanley, acting under color of state law, using excessive force upon the Plaintiff, was done intentionally, maliciously, and with deliberate indifference to the rights of the Plaintiff, and was designed to and did cause substantial physical injury, pain and suffering in violation of the

Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourteenth amendment to the United States Constitution.

30.

Additionally, all police officers at the scene owed a duty to the plaintiff to intervene on his behalf, and failed to do so, thus resulting in the constitutional violations set forth above.

31.

The breach of the duties articulated above was a proximate cause of the injuries and constitutional deprivations set forth in above.

## COUNT TWO- UNITED STATES CONSTITUTIONAL VIOLATIONS BY ROSWELL POLICE DEPARTMENT

32.

Paragraphs 1 thru 32 are hereby incorporated herein by reference.

33.

At all times material to this complaint, the Defendants Roswell Police Department and City of Roswell, had in effect *defacto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of Defendant Stanley.

34.

On information and belief, the Defendant City of Roswell failed to establish guidelines for, and/or train, supervise or educate its police officers, including Defendant Stanley about correct practices and police procedures in the use of force, thereby permitting Defendant Stanley to be in a position to violate the Plaintiff's federal and state constitutional and statutory rights.

35.

On information and belief, Defendant City of Roswell failed to effectively screen, hire, train, supervise, and discipline its police officers, including Defendant Stanley, for his propensity for violence and the use of excessive force, thereby permitting Defendant Stanley to be in a position to violate the Plaintiff's federal and state constitutional and statutory rights.

36.

Defendant City of Roswell being aware that such lack of effective screening and hiring, and lack of training, supervision, and discipline, leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective screening and hiring, and failing to establish a program of training, supervision and discipline.

37.

On information and belief, the Defendant City of Roswell failed to put into place and maintain a structure for risk containment and stress management relative to its employee police officers. Said structure was deficient, at the time of pre-selection and selection, to (a) evaluate and exchange information within the command structure about the performance of individual police officers; (b) train supervisory personnel to effectively and adequately evaluate the performance of a police officer; and (c) otherwise put the command structure on notice that an individual or individuals were a significant risk to the public at large. The net effect of this was to permit police officers of the Defendant City of Roswell to function at levels of significant and substantial risk to the public at large.

38.

As a result of a conscious policy, practice, custom or usage, Defendant City of Roswell have permitted and allowed for the employment and retention of individuals as police officers whose individual circumstances place the public at large, or segments thereof, at substantial risk of being the victims of abusive or otherwise illegal and offensive behavior. Such policy, practice, custom and usage is a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the harm to the Plaintiff.

39.

The conduct of Defendant City of Roswell was the direct and proximate cause of bodily and psychological harm, pain and suffering, in violation of the Plaintiff's rights as guaranteed by 42 U.S.C. § 1983 and the fourteenth amendments to the United States Constitution.

40.

As a direct and proximate result of the Defendant City of Roswell's wrongful policies, practices, customs and usage's complained of herein, the Plaintiff suffered physical, mental, and emotional injury and pain, mental anguish, suffering, and medical expenses.

## DAMAGES

41.

Paragraphs 1 thru 41 are hereby incorporated herein by reference.

42.

As a direct and proximate result of the above described conduct of the Defendants, Plaintiff received personal injuries, physical pain and suffering, severe mental pain and suffering including but not limited to embarrassment, public humiliation, and fear for his wellbeing which is all expected to continue into the future, and was forced to incur special damages including but not limited to lost

income and medical bills, for all of which the Defendants are liable to the Plaintiff in an amount to be proven at trial and determined by the enlightened conscience of fair and impartial jurors.

43.

Defendants are liable for the aforementioned damages under 42 U.S.C. §§ 1983 and 1988, and Defendant Stanley are not entitled to qualified immunity under federal law because the law was clearly established in 2008 that a police officer may not strike a person unlawfully.

44.

The aforementioned misconduct of Defendant Stanley arose to such a level of bad faith, willfulness, and reckless disregard for the consequences as to authorize the imposition of punitive damages against him to the extent permitted by federal and state law.

45.

The Plaintiff is also entitled to recover reasonable attorney's fees and expenses of litigation with respect to the federal civil rights claims pursuant to 28 U.S.C. §1988.

46.

Alternatively, Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation with respect to the pendant state law claims pursuant to O.C.G.A. §13-6-11 because the Defendants acted in bad faith.

**WHEREFORE**, Plaintiff demands the following:

That this action be tried by a jury;

That judgment be entered in favor of the Plaintiff and against the Defendants in an amount to be determined by the enlightened conscience of fair and impartial jurors to the extent allowed by law;

That the Plaintiff be awarded attorney's fees and reasonable expenses of litigation;

That all costs of this action be taxed against the Defendants; and,

That the Court award any additional or alternative relief as may be deemed appropriate under the circumstances.

Respectfully submitted,

*/s/ Richard N. Blevins, Jr.*
Richard N. Blevins, Jr.
Ga. Bar No. 063361
Soo J. Hong
Ga. Bar No. 129608
Attorneys for Plaintiff

BLEVINS & HONG, PC
191 Roswell Street
Marietta, Georgia 30060
Tel. (678) 354-2290
Fax (678) 354-3443
richard@cobbcountylaw.com

## TYPE LIMITATIONS CERTIFICATION

Pursuant to Local Rule 7.1D, the undersigned hereby certifies that

PLAINTIFF'S COMPLAINT has been prepared in Times New Roman (14 point),

as required by Local Rule 5.lB.

/s/ *Richard N. Blevins, Jr.*
Richard N. Blevins, Jr.
Ga. Bar No. 063361
Soo J. Hong
Ga. Bar No. 129608
Attorneys for Plaintiff

BLEVINS & HONG, PC
191 Roswell Street
Marietta, Georgia 30060
Tel. (678) 354-2290
Fax (678) 354-3443
richard@cobbcountylaw.com

14